United States District Court
Southern District of Texas
**ENTERED**
October 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUSTIN CALEGON, | § | |
| (TDCJ # 02414130), | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-5967 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

In July 2026, state inmate Justin Calegon, (TDCJ # 02414130), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2022 conviction for aggravated assault on a family member in Harris County Cause Number 1733035. (Dkt. 1). He also filed a motion seeking leave to proceed *in forma pauperis*, but he did not include a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (Dkt. 2). On July 28, 2026, the Court ordered Calegon to either pay the applicable filing fee or file a properly supported motion to proceed *in forma pauperis*, including the required inmate trust fund account information, by August 28, 2026. (Dkt. 4). The Court provided the proper forms to Calegon for his use and warned him that failing to comply as ordered would result in the Court

dismissing his action without further notice under Federal Rule of Civil Procedure 41(b). (*Id.*).

On August 13, 2026, Calegon filed another motion to proceed *in forma pauperis*, but he still did not provide certified inmate trust fund account information. (Dkt. 5). On August 24, 2026, the Court denied Calegon's motion based on his failure to provide the required trust fund statement. (Dkt. 6). The Court advised Calegon that it would reconsider his motion if he filed the required trust fund account statement within thirty days. (*Id.* at 2).

Calegon has failed to provide the required trust fund account information, and the time to do so has now expired. His failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, the Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Accordingly, the Court **ORDERS** as follows:

1. Calegon's petition for writ of habeas corpus, (Dkt. 1), is **DISMISSED without prejudice** for want of prosecution.

2. Any pending motions are **DENIED as moot.**

3. Calegon is advised that upon a showing of good cause for failing to comply with the Court's orders of July 28 and August 24, relief from this Order may be granted under Federal Rule of Civil Procedure 60(b). Any motion under Rule 60(b) must be accompanied by either payment of the applicable filing fee or a properly supported motion to proceed *in forma pauperis*, including an inmate trust fund account statement for the last six months as required by 28 U.S.C. § 1915(a)(2).

The Clerk will provide a copy of this Order to the petitioner.

SIGNED at Houston, Texas on Oct 6, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE